United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**May 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10931
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL MILLS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-177-20-H

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Mills appeals his sentence following a remand to the district court for resentencing. *See United States v. Simpson*, 334 F.3d 453 (5th Cir. 2003). Mills was convicted of conspiracy to manufacture and distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and was sentenced

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to 360 months' confinement and sixty months' supervised release. We affirmed his conviction but remanded for resentencing, holding that the district court erred by applying the six level sentence enhancement under U.S.S.G. § 2D1.1(b)(5)(C). *Simpson*. We indicated, however, that a three level enhancement under section 2D1.1(b)(5)(B) would be proper. *Id*. at 459. Following remand, Mills was sentenced to 290 months' confinement and sixty months' supervised release. He now challenges the district court's imposition on remand of the three-level enhancement for creating a substantial risk of harm to human life (other than a minor or incompetent) or the environment during the manufacture of methamphetamine. *See* U.S.S.G. § 2D1.1(b)(5)(B).

This court reviews the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error. *United States v. Huerta,* 182 F.3d 361, 364 (5th Cir. 1999). "As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous." *Id*.

As this case involves a conspiracy, relevant conduct for application of the sentencing guidelines includes "all reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

Mills provided large quantities of anhydrous ammonia to other members of the methamphetamine manufacturing conspiracy. Mills repeatedly delivered the tanks of ammonia to a residential

2

neighborhood, and his co-conspirators usually manufactured methamphetamine in or near homes in residential neighborhoods. Although Mills had been required to obtain special training and certification to purchase tanks of anhydrous ammonia from legitimate suppliers, he provided these tanks to his untrained co-conspirators. We also note testimony in the record that on certain occasions the methamphetamine manufacturing process actually caused a fire, the release of a large quantity of ammonia into the atmosphere, and even an explosion. Therefore, we conclude that the district court did not clearly err in finding that a substantial risk of harm to human life or the environment was reasonably foreseeable to Mills. *See* U.S.S.G. § 2D1.1(b)(5)(B), comment. (n.20(A)). *See also Simpson* at 459.

AFFIRMED.