United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10931
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL MILLS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
3:01-CR-177-20-H

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case, in which we previously affirmed Mills's sentence
following resentencing, *United States v. Mills*, No. 03-10931, 5th
Cir., May 26, 2004 (per curiam) (unpublished), is again before us
on remand from the Supreme Court. The Supreme Court, by its order
of January 25, 2005, granted Mills's petition for writ of
certiorari, vacated our judgment, and remanded the case to us "for

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further consideration in light of *United States v. Booker*, 543 U.S.

___, 125 S.Ct. 738." *Mills v. United States*, 125 S.Ct. 1115 (2005).

At our request, the parties have submitted supplemental briefs

following the Supreme Court's January 25, 2005 remand order.

Following a jury trial, Mills in January 2002 was found guilty

of conspiring to manufacture and possess with intent to distribute

"in excess of five hundred (500) Grams or more of a mixture or

substance containing a detectable amount of methamphetamine" in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  In April 2002,

Mills was sentenced to 360 months' confinement, to be followed by

five-years' supervised release.  The PSR calculated the base

offense level – computed on the basis of some 612 Kilograms of

methamphetamine – as 38.  U.S.S.G. § 2D1.1(c)(1).[1]  The PSR added

six levels under U.S.S.G. § 2D1.1(b)(5)(C) because the offense

created a substantial risk of harm to the life of a minor.  This

produced a total base offense level of 43 (actually 44, but under

note 2 to the U.S.S.G. Sentencing Table, any base offense level

over 43 is considered as being 43).  The PSR calculated that Mills

had three criminal history points, producing a criminal history

category of II.  This produced a guideline sentencing range of life

---

[1]  U.S.S.G. § 2D1.1(c)(1) provides a base offense level of 38 for "15 KG or more of Methamphetamine."  A base offense level of 32 is provided for "at least 500 G but less than 1.5 KG of Methamphetamine."  21 U.S.C. § 841(b)(1)(A)(viii) provides for imprisonment of "not . . . less than 10 years or more than life" for a § 841(a) offense involving "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine."

imprisonment. Mills made various objections to the PSR, including objections related to drug quantity, criminal history category and the six level enhancement under section 2D1.1(b)(5)(C). At the April 2002 sentencing hearing the district court reduced Mills's criminal history category to I, finding that category II over-represented the seriousness of his criminal history. U.S.S.G. § 4A1.3. The district court also, applying *Koon v. United States*, 116 S.Ct. 2035 (1996), because the case "brings in an element which was not thoroughly considered by the Sentencing Commission," departed downward, reducing the base offense level from 43 to 41, but rejected Mills's request that the departure be greater than that. The result was a guideline sentencing range of 324 to 405 months. Before the district court Mills raised no *Booker* related or Sixth Amendment issue. The district court sentenced Mills to 360 months' imprisonment.

Mills appealed to this court. He raised no *Booker* related or Sixth Amendment issue. He did complain, *inter alia*, that the six level enhancement under U.S.S.G. § 2D1.1(b)(5)(C) was improper. In our June 16, 2003 opinion we agreed with that contention, though we observed that "§ 2D1.1(b)(5)(B)'s three level enhancement [methamphetamine manufacture creating a substantial risk of harm to human life other than a life of a minor or incompetent] would have been sustainable under these factual circumstances." *United States v. Simpson* [*and Mills*], 334 F.3d 453, 459 (5th Cir. 2003). We

3

rejected all Mills's other contentions, and vacated Mills's sentence and remanded for resentencing. *Id*.

Mills was resentenced pursuant to our mandate in September 2003. A supplemental PSR was prepared. It again calculated a 38 base offense level determined on quantity; pursuant to our June 2003 opinion, it recommended a three level enhancement under section 2D1.1(b)(5)(B), instead of a six level enhancement under section 2D1.1(b)(5)(C); it calculated a criminal history category of II, but noted the district court had previously reduced that to I; and it noted the district court's previous reduction of two base offense levels under *Koon*. The supplemental PSR noted that all this produced a net total base offense level of 39, a criminal history category of I, and resulting guideline range of 262 to 327 months. Mills argued against the three level enhancement under section 2D1.1(b)(5)(B) and also that the quantity was overstated.[2] Mills raised no *Booker* related or Sixth Amendment issues at his resentencing. The district court, following the supplemental PSR's calculations, employed a guideline range of 262 to 327 months and sentenced Mills to 290 months' imprisonment.

Mills again appealed to this court, contending only that there was no specific evidence or information in the PSR sufficient to support the three level enhancement under section 2D1.1(b)(5)(B).

---

[2] He also argued that the previous two level downward departure and criminal history category I rulings be maintained.

4

We rejected this contention and affirmed his sentence (as imposed on resentencing) in our May 26, 2004 opinion. Mills raised no *Booker* related or Sixth Amendment related issue in this court.

Mills, in his August 2004 petition for certiorari, raised for the first time the complaint that his sentence was enhanced under the guidelines on the basis of facts not alleged in the indictment or found by the jury. The government's response, filed in September 2004, was pro forma, merely asserting that "the petition for a writ of certiorari should be held pending this Court's decisions in *Booker* and *Fanfan*, and then disposed of as appropriate in light of the decisions in those cases."

Having reconsidered our May 26, 2004 decision in light of *Booker* pursuant to the Supreme Court's instructions, we reinstate our prior judgment affirming Mills's sentence on his appeal from his resentencing.

There was, as it is now plain, error in sentencing Mills under a mandatory guideline system on the basis of facts (other than one or more prior convictions) not admitted by him or found by the jury. However, we have held that, absent extraordinary circumstances, we will not consider a *Booker* related or Sixth Amendment claim which was not timely raised in *this* court. *United States v. Taylor*, No. 03-10167, 5th Cir. May 17, 2005; *United States v. Hernandez-Gonzalez*, No. 04-40923, 2005 WL 724636 (5th Cir. March 30, 2005) (raised for first time in petition for

5

rehearing). *See also United States v. Sutherland*, 428 F.2d 1152, 1158 (5th Cir. 1970); *United States v. Ardley*, 273 F.3d 991 (11th Cir. 2001) (en banc).

There are no extraordinary circumstances here. For purpose of the prejudice prong of "plain error" review under FED. R. CRIM. P. 52(b), the appellant must demonstrate prejudice, which, in the context of the present *Booker* error, means that he must demonstrate a substantial likelihood that the sentencing judge would have given a lower sentence if he had treated the guidelines as advisory rather than mandatory. *See, e.g., Taylor; Hernandez-Gonzalez; United States v. Mares*, 402 F.3d 511, 521-22 (5th Cir. 2005); *pet. for cert. filed,* Mar. 31, 2005 (No. 04-9517); *United States v. Holmes*, No. 03-41738 (5th Cir. Apr. 6, 2005), slip op. 2160. Here, as noted, both at the original sentencing and at the resentencing the district court sentenced Mills in the approximate middle of the calculated guideline range (original sentence of 360 months on calculated guideline range of 324 to 405 months; resentence of 290 months on calculated guideline range of 262 to 327 months). Nor does anything else in the record point to a contrary conclusion. Contrary to Mills's post-remand contention in this court, the district court's remarks in connection with its reduction of the criminal history category from II to I and its two level *Koon* downward departure in the base offense level do not indicate

6

otherwise.[3]

Accordingly, we conclude that nothing in *Booker* requires us to change our May 26, 2004 affirmance, and we therefore reinstate our judgment affirming Mills's sentence as imposed on his resentencing.

---

[3] There is nothing to suggest that the district court would have preferred to depart further but felt precluded from doing so by the guidelines, and indeed the most logical inference is to the contrary.